UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ANA ZAHIA GONZALEZ,

Defendant.

_____/

CASE NO. 6:25-cr-00311-RBD-RMN

### DEFENDANT'S RESPONSE IN OPPOSITION TO UNITED STATES' NOTICE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(B) AND MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF DEFENDANT'S PRIOR MATTER

The Defendant, Ana Zahia Gonzalez (hereinafter sometimes referred to as "Ms. Gonzalez"), by and through undersigned counsel, respectfully submits this Response in Opposition to the United States' Motion for Pretrial Determination of Admissibility of Defendant's Prior Matter (Doc. 41), and states as follows:

### I. INTRODUCTION

The Government's motion contains a material factual misrepresentation that fundamentally undermines its admissibility argument. The Government represents that Ms. Gonzalez "pled guilty to four third-degree felony counts of uttering a forged instrument, was adjudicated guilty, and received a sentence of six months'

1

probation." Doc. 41 at 2. This is factually incorrect, and the Government's own Exhibit A proves it.

The certified Judgment and Sentence entered by the Honorable Daniel H. Sleet, Circuit Court Judge, Hillsborough County, Florida, in Case No. 01-CF-003124, expressly reflects — with a checked box — that "[t]he Court withholds adjudication of guilt." See Doc. 41-1 at 1. Adjudication was never entered. The court did not adjudicate Ms. Gonzalez guilty. The Order of Community Supervision likewise confirms the court's withhold of adjudication as to Counts 2, 3, 4, and 5. See Doc. 41-1 at 5.

The Defense acknowledges that a withhold of adjudication does not categorically bar evidence of the underlying conduct from admission under Rule 404(b). Rule 404(b) applies to prior "acts," not merely prior "convictions," and the absence of an adjudication of guilt does not, by itself, render the underlying conduct inadmissible. However, the absence of a conviction has direct and significant consequences for how the Government must meet its burden of proof, and those consequences are fatal to the Government's motion as presented. Moreover, even setting aside the threshold proof deficiency, the prior matter independently fails the applicable Rule 404(b) and Rule 403 standards and should be excluded.

2

## II.  THE ABSENCE OF AN ADJUDICATION OF GUILT ELIMINATES THE GOVERNMENT'S SHORTCUT TO PROVING THE PRIOR ACT

### A.  The Legal Framework: What a Prior Conviction Provides and What Its Absence Requires.

To admit prior act evidence under Rule 404(b), the proponent must satisfy the three-part test articulated by the Eleventh Circuit in *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (en banc): (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof to allow a jury to find that the defendant actually committed the prior act by a preponderance of the evidence; and (3) the probative value must not be substantially outweighed by the risk of unfair prejudice under Rule 403.

When a prior act has resulted in a criminal conviction, the Government receives a significant evidentiary shortcut to satisfying the second prong of the *Miller* test. As the Eleventh Circuit has recognized, "[i]t is elementary that a conviction is sufficient proof that [the defendant] committed the prior act." *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997). A certified judgment of conviction — whether based on a jury verdict or a guilty plea — ordinarily satisfies the preponderance standard on its own. As the Eleventh Circuit explained in *United States v. Green*, 873 F.3d 846, 864 (11th Cir. 2017), a conviction based on a guilty plea suffices because a guilty plea is itself "an admission of all the elements of a formal criminal charge." (quoting *Blohm v. Comm'r of Internal Revenue*, 994 F.2d

3

1542, 1554 (11th Cir. 1993)). Indeed, as *Green* made clear by citing *Calderon*, "the fact that a conviction was based on a guilty plea is inconsequential" — it is the conviction itself, not the form of plea, that supplies the necessary evidentiary foundation. *Green*, 873 F.3d at 864 (citing *Calderon*, 127 F.3d at 1332).

But where the prior matter did not result in a conviction — as is the case here — that shortcut is not available. The Government cannot point to a judgment of conviction as proof that the prior act actually occurred. Instead, it must demonstrate admissibility under the standard articulated in *Huddleston v. United States*, 485 U.S. 681 (1988): that sufficient evidence exists for the jury to find by a preponderance of the evidence that the defendant committed the act. That requires independent evidence — not merely the withhold documents themselves.

**B. The Eleventh Circuit's Analysis in *Green* and *Calderon* Establishes a Clear Evidentiary Hierarchy That a Withheld Adjudication Cannot Satisfy.**

The Eleventh Circuit's decision in *Green* is instructive on the relationship between the form of a prior disposition and the Government's burden under the second prong of *Miller*. In *Green*, the court addressed whether a prior conviction based on a *nolo contendere* plea could, by itself, satisfy the second prong of the Rule 404(b) admissibility test. The court held that it could not: "Rule 803(22) precludes use of the [nolo] conviction here to prove that Defendant actually possessed [the contraband]." *Id.* at 865–66. The court reasoned that because Rule 803(22) expressly

4

excludes *nolo* convictions from the hearsay exception for judgments of conviction, a *nolo* conviction cannot, standing alone, serve as proof that the defendant committed the underlying act.

*Green* and *Calderon* together establish a clear evidentiary hierarchy. At the top, a conviction entered after a jury verdict or guilty plea satisfies the preponderance standard because it represents both an official adjudication of guilt and an admission of all elements. *Calderon*, 127 F.3d at 1332; *Green*, 873 F.3d at 864. One step below, a *nolo* conviction still constitutes a formal judgment of conviction — but Rule 803(22)'s exclusion means it cannot, standing alone, prove the underlying act. *Green*, 873 F.3d at 865–66. A withheld adjudication does not rise even to the level of a *nolo* conviction. Where a *nolo* conviction is still a court-entered judgment (even one that "admits nothing," *id.* at 863), a withheld adjudication is the affirmative decision of a court *not* to enter any judgment of guilt. The Government cannot use a document whose legal effect is to decline to adjudicate as though it were proof of what it expressly declined to find. The logic of *Green* applies with equal — indeed, greater — force here: if a formal *nolo* conviction is insufficient standing alone, then a withheld adjudication is plainly insufficient for the same purpose.

**C. Even Cases Permitting Admission of Prior Official Determinations Under Rule 404(b) Required an Actual Court Finding — Which Is Absent Here.**

The Eighth Circuit's decision in *United States v. Fletcher*, 322 F.3d 508 (8th Cir. 2003), further illustrates that when courts have permitted admission of prior official determinations under Rule 404(b), they required an actual adjudication by a tribunal. In *Fletcher*, the defendant was charged with conspiracy to defraud the United States and aiding the preparation of false tax returns. The Government sought to admit evidence of prior *civil adjudications* — formal civil court judgments in which the defendant had been held liable for common law fraud, breach of fiduciary duty, violations of Ohio consumer protection laws, and civil RICO violations arising from the same tax scheme. *Id.* at 517–18. The Eighth Circuit affirmed admission because those civil judgments constituted official court findings that the defendant had engaged in similar fraudulent conduct, and bore "significant probative value" with respect to establishing intent, knowledge, and motive. *Id.* at 519.

*Fletcher* cuts squarely against the Government's position here for precisely that reason: the court found probative value in the prior civil *adjudications* because they were official findings by a court. A withheld adjudication is the categorical opposite. It is not a court finding of any kind — it is a formal court decision that *no* finding of guilt will be entered. The Government cannot invoke the reasoning of *Fletcher*, which rested on the existence of actual official determinations, to justify using

6

documents that explicitly record a court's decision to refrain from making any determination at all.

**D. The Government Has Failed to Produce Any Independent Evidence of the Prior Act.**

The Government has not produced to the Defense any police report, arrest affidavit, witness statement, investigative material, or any other evidence relating to the 2001 Hillsborough County matter. The Defense has received no discovery whatsoever in connection with that prior matter beyond the certified plea and withhold documents that the Government attached as Exhibit A to its own motion. Those documents, as discussed above, establish only that adjudication was withheld — not that Ms. Gonzalez committed the acts underlying the charges.

Without independent evidence of the prior act, the Government cannot satisfy the second prong of the *Miller* test. This is not a mere procedural complaint. The failure to produce underlying discovery also prevents this Court from conducting the evidentiary assessment that Rule 404(b) demands. The Government cannot satisfy its burden of demonstrating admissibility while withholding the very materials necessary to evaluate whether the prior act occurred, how it resembles the charged conduct, and whether its admission is appropriate under Rule 403.

### III.  THE PRIOR ACT EVIDENCE INDEPENDENTLY FAILS THE RULE 404(B) FOUR-STEP ANALYSIS

Even if this Court were to find that the Government has adequately established the prior act, the evidence independently fails each of the remaining steps of the Rule 404(b) framework. As the Third Circuit exhaustively analyzed in *United States v. Caldwell*, 760 F.3d 267 (3d Cir. 2014), Rule 404(b) is a rule of general exclusion, and the proponent "must demonstrate that the evidence is admissible for a non-propensity purpose" at each stage of the inquiry. *Id.* at 276. Although *Caldwell* is a Third Circuit decision and is not binding precedent in this Circuit, its thorough and methodical analysis of the Rule 404(b) framework is persuasive and fully consistent with the Eleventh Circuit's own approach under *Miller*. Its reasoning applies with full force to the facts of this case.

### A.  Step One: The Identified Purposes Are Not Genuinely at Issue in This Case.

The Government asserts that the prior matter is admissible to establish "knowledge, intent, and absence of mistake" with respect to the charged violation of 18 U.S.C. § 1425(b). But merely labeling a purpose as "knowledge" or "intent" does not satisfy Rule 404(b)'s requirements. As *Caldwell* emphasized, "a proponent's incantation of the proper uses of [prior act] evidence ... does not magically transform inadmissible evidence into admissible evidence." *Id.* at 276 (internal citation omitted). The proponent must demonstrate that the identified purpose is actually "at

8

issue" in the case — that it is "of consequence in determining the action." Fed. R. Evid. 401(b).

The Eleventh Circuit applied an analogous analysis in *Calderon*. There, the court upheld Rule 404(b) admission of prior drug-related convictions to prove intent, but only because the defendant's not-guilty plea had placed his intent directly and specifically at issue and because the prior conduct bore a close factual relationship to the charged crimes. *Calderon*, 127 F.3d at 1331–32. The court emphasized that intent must be genuinely contested and the prior act must be directly probative of the specific intent at issue in the charged offense. *Id.*

In *Caldwell*, the defendant was charged with being a felon in possession of a firearm, and the Government sought to admit prior firearm convictions to show "knowledge." The Third Circuit rejected this argument because the defendant's defense was a straightforward denial of possession: "[The defendant] has not put knowledge at issue. [His] argument is a straightforward denial that any gun was there." *Id.* at 280 (internal citation omitted). The court further held that "merely by denying guilt of an offense with a knowledge-based mens rea, a defendant [does not] open the door to admissibility of prior convictions of the same crime. Such a holding would eviscerate Rule 404(b)'s protection and completely swallow the general rule against admission of prior bad acts." *Id.* at 281.

9

The same logic applies here. Ms. Gonzalez's defense is a denial of the charged conduct in the naturalization application — not a claim that she lacked knowledge, acted under a misapprehension, or made a good-faith mistake about what the form required. The Government has not identified any specific element of the defense strategy that places knowledge or intent genuinely in dispute. Accordingly, the Government's invocation of "knowledge, intent, and absence of mistake" as admissibility rationales is precisely the kind of conclusory label that courts across circuits have consistently rejected as insufficient to justify admission of Rule 404(b) evidence.

**B. Step Two: The Government Cannot Articulate a Non-Propensity Chain of Inferences Connecting the Prior Act to the Charged Offense.**

Even where a non-propensity purpose is genuinely at issue, the proponent must go further and "explain how [the evidence] fits into a chain of inferences — a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." *Caldwell*, 760 F.3d at 277. The Government's motion makes no attempt to construct such a chain. Its theory, reduced to its logical structure, is: Ms. Gonzalez used a fraudulent document in 2001, therefore she knew she was using a fraudulent document in 2016. That is a propensity inference — the inference that because she committed a similar act in the past, she is more likely to have committed the charged act now. That is precisely what Rule 404(b) prohibits.

The analytical problem here is identical to that identified in *Caldwell*: "Hard as we try, we see only one answer to that question: [I]f [the defendant] knowingly possessed firearms in the past, he was more likely to have knowingly possessed the firearm this time. This is precisely the propensity-based inferential logic that Rule 404(b) forbids." *Id.* at 283. The Government has offered no explanation for how the 2001 conduct tends to prove knowledge or intent in the 2016 application through any chain of inference that does not pass through a propensity link.

The comparison to *Fletcher* is instructive on this point as well. In that case, the Eighth Circuit found that prior civil adjudications were probative of intent and knowledge because they arose from the *same* fraudulent tax scheme as the charged conduct — involving the same participants, the same promotional seminars, the same tax preparation methods, and the same clients. *Fletcher*, 322 F.3d at 512, 519. The prior and charged conduct were, in substance, parts of the same enterprise. By contrast, a 2001 Hillsborough County matter involving the uttering of forged checks — allegedly writing checks on behalf of other individuals — bears no specific factual relationship to the alleged submission of a fraudulent divorce decree in connection with a naturalization application fifteen years later in a different jurisdiction. Without a specific factual nexus, the Government cannot articulate any non-propensity inference connecting the two events.

## IV.  THE RULE 403 BALANCING INDEPENDENTLY REQUIRES EXCLUSION

**A. The Temporal Gap of Nearly Sixteen Years Dramatically Diminishes Probative Value.**

The prior conduct underlying Case No. 01-CF-003124 occurred in 2001. Ms. Gonzalez's naturalization application was submitted in October 2016. The gap between those two events is approximately fifteen years and nine months. No meaningful probative connection can be drawn between an alleged document-related offense in 2001 and the mental state of an applicant completing a Government form in 2016 — nearly sixteen years later, in a different jurisdiction, in an entirely different legal and personal context.

For purposes of Rule 403 temporal analysis, the relevant date is 2001 — when the alleged conduct occurred and when Ms. Gonzalez's purported knowledge, intent, and state of mind would have been formed. The Judgment and Sentence bears a September 2006 date solely because Ms. Gonzalez was unaware that charges had been filed at all; she had no knowledge of the case until she was arrested on August 24, 2006. The five-year gap between the 2001 conduct and Ms. Gonzalez's first awareness of the charges is itself significant: it is difficult to see how conduct that Ms. Gonzalez did not even know had generated a criminal case could have meaningfully informed her knowledge or intent when she completed a naturalization application a decade later. Courts have consistently recognized that temporal

12

remoteness reduces probative value under Rule 403. *Caldwell* recognized that "as the prior possession is further removed in time, it becomes less probative of [the charged conduct]." *Id.* at 283 (internal citation omitted). Here, the conduct occurred in 2001, the charged offense involves a 2016 naturalization application, and the gap between the two is nearly sixteen years. That temporal distance weighs heavily against admission.

The Eighth Circuit's analysis in *Fletcher* reinforces this point. There, the court affirmed admission of prior civil adjudications under Rule 404(b) in part because the prior fraudulent conduct and the charged criminal scheme were closely related in time and arose from the same ongoing enterprise. *Fletcher*, 322 F.3d at 519. Even in that context — where the prior and charged conduct were facets of the same operation — the court conducted careful Rule 403 balancing and paired admission with a limiting instruction that the evidence could not be used to prove the charged offense. *Id.* The temporal nexus that justified admission in *Fletcher* is wholly absent here. The 2001 Hillsborough County matter and the 2016 naturalization application are separated by approximately fifteen years, involve entirely different instruments and circumstances, and arose in unrelated contexts.

The prior matter and the charged conduct also share no meaningful factual connection beyond the superficial similarity that both involve documents. They occurred in different counties, involved entirely different instruments and

circumstances, occurred nearly two decades apart, and bear no common scheme, participants, or transaction.

### B. The Government's Failure to Produce Underlying Discovery Prevents a Meaningful Rule 403 Assessment.

A proper Rule 403 balancing requires the Court to weigh the probative value of the evidence against the risk of unfair prejudice based on what the evidence actually shows. *Caldwell* held that "[t]he reasoning should be detailed and on the record," and that a bare recitation of the balancing standard is insufficient. *Id.* at 277. But neither the Court nor the Defense can conduct a meaningful Rule 403 analysis when the Government has produced no police reports, no arrest affidavits, no witness statements, and no investigative materials relating to the 2001 matter. Without knowing what actually occurred — what documents were involved, what the alleged circumstances were, what evidence existed — it is impossible to evaluate whether the prior conduct resembles the charged offense closely enough to have any probative value, or whether that resemblance is so great as to invite the very propensity inference Rule 404(b) prohibits.

The Defense respectfully submits that the Government's failure to produce this underlying discovery is an independent basis for denial of its motion, or at minimum for deferral of any ruling until the Defense has been provided with the materials necessary to respond meaningfully.

14

**C. The Risk of Unfair Prejudice Is Substantial and Cannot Be Cured by a Limiting Instruction.**

Even where Rule 404(b) evidence is otherwise admissible, "few categories of evidence bring greater risk of prejudice to the accused under Rule 403" than evidence of prior bad acts. *Caldwell*, 760 F.3d at 277 (internal citation omitted). The prejudicial impact is compounded in this case by the Government's mischaracterization of the withheld adjudication as a "conviction." Presenting the jury with the suggestion that Ms. Gonzalez was convicted of a prior felony involving document fraud — when in fact adjudication was withheld — risks creating precisely the character-based inference that Rule 404(b) forbids.

The Eighth Circuit acknowledged in *Fletcher* that "unfair prejudice is unlikely to be found where the district court instructed the jury that the bad acts evidence was not to be used as proof that the defendant committed the charged offense." *Fletcher*, 322 F.3d at 519 (citing *United States v. Warfield*, 97 F.3d 1014, 1027 (8th Cir. 1996)). But that principle presupposes a situation in which there is genuine, properly supported probative value to justify admission in the first place. Where there is no underlying adjudication, no independent evidence of the prior act, no temporal proximity, and no non-propensity chain of inferences, no limiting instruction can cure the prejudice — because there is nothing of evidentiary substance that the instruction would be limiting. A jury instruction cannot transform a deficient evidentiary proffer into an admissible one.

15

As the Advisory Committee's Note to Rule 404(a) explains, character evidence "tends to distract the trier of fact from the main question of what actually happened on the particular occasion" and "subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." Fed. R. Evid. 404(a) Advisory Committee's Note. The risk that the jury will use the prior matter as character evidence is inherent and substantial, and the probative value of a remote, unproven matter from 2001 does not come close to justifying it.

### V.  CONCLUSION

The Defense acknowledges that a withhold of adjudication does not automatically bar the underlying conduct from consideration under Rule 404(b). However, the Government's motion fails at every step of the applicable analysis. First, the absence of an adjudication of guilt means the Government cannot rely on the prior disposition documents alone to establish the prior act — it must present independent evidence sufficient to meet the *Huddleston* preponderance standard, which it has not done. Second, *Green* and *Calderon* together establish that a withheld adjudication — which carries less legal weight than even a *nolo* conviction — cannot, standing alone, establish the underlying act. Third, *Fletcher* confirms that even courts that have admitted prior official determinations under Rule 404(b) required actual adjudications by a court — the categorical opposite of a withhold.

16

Fourth, knowledge, intent, and absence of mistake are not genuinely at issue when Ms. Gonzalez's defense is a denial of the charged conduct, not a claim of inadvertence or ignorance. Fifth, the Government has articulated no non-propensity chain of inferences connecting the 2001 Hillsborough County matter to the 2016 naturalization application. And sixth, the temporal gap of nearly sixteen years, the absence of any underlying discovery, and the inherent risk of unfair prejudice all compel exclusion under Rule 403.

For the foregoing reasons, Defendant Ana Zahia Gonzalez respectfully requests that this Court deny the Government's motion for pretrial determination of admissibility and exclude the prior matter from evidence at trial.

Respectfully submitted this 24th day of March, 2026.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 24th day of March, 2026, we have electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Bianca Sahni Bansal, Assistant United States Attorney, United States Attorney's Office, 400 W. Washington Street, Suite 3100, Orlando, FL 32801, Bianca.Bansal@usdoj.gov. We further certify that we mailed the foregoing document and the notice of electronic

17

filing by first-class mail to the following non-CM/ECF participants:  N/A.

<div style="margin-left:40%">

s/Matthew P. Ferry_____

MATTHEW P. FERRY, of

LINDSEY, FERRY & PARKER, P.A.

341 N. Maitland Avenue, Suite 130

Maitland, FL 32751

*Mail:* P.O. Box 505

Winter Park, FL 32790

Telephone: (407) 644-4044

Facsimile: (407) 599-2207

Attorneys for the Defendant.

matt@lindseyferryparker.com

Florida Bar No. 28950

</div>