UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                            CASE NO. 6:25-cr-311-RBD-RMN

ANA ZAHIA GONZALEZ


**JOINT PROPOSED JURY INSTRUCTIONS**

The United States of America, by and through Gregory W. Kehoe, United States Attorney for the Middle District of Florida, and Defendant, Ana Zahia Gonzalez, by and through her counsel, Mr. Matthew Ferry, jointly request that the following jury instructions be given during the Court's charge at the beginning and end of the trial of the above-named Defendant:

| **Pattern Instruction No.** | **Title/Description** |
|---|---|
| | Preliminary Instructions |
| P1 | Preliminary Instructions – Criminal Cases |
| | Instructions after the Close of Evidence |
| B1 | Face Page - Introduction |
| B2.1 (*Alt.* B2.2) | The Duty to Follow Instructions and the Presumption of Innocence (*Alt.* The Duty to Follow Instructions and the Presumption of Innocence When a Defendant Does Not Testify) |

1

| B3 | Definition of "Reasonable Doubt" |
| B4 | Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court |
| B5 | Credibility of Witnesses |
| B6.1 (*Alt.* B6.4) | Impeachment of Witnesses Because of Inconsistent Statements (*Alt.* Impeachment of Witnesses Because of Inconsistent Statements (Defendant with Felony Conviction Testifies)) |
| B7 | Expert Witness |
| B9.1A | Knowing; Willfully- General |
| B9.2 | On or About a Particular Date |
| B10.1 | Caution: Punishment (Single Defendant, Single Count) |
| S4.1 | Similar Acts Evidence (Rule 404(b), Fed. R. Evid.) |
| S8 | Deliberate Ignorance as Proof of Knowledge |
| O120 (*Alt* Defendant's Contested Instruction No. 1)[1] | Procurement of Citizenship or Naturalization Unlawfully |
| S5 | Note-taking |
| B11 | Duty to Deliberate |
| B12 | Verdict |

---

[1] Defendant has proposed an alternative offense instruction. The Government opposes this proposed instruction and submits that the Eleventh Circuit Pattern Instruction regarding violations of 18 U.S.C. § 1425(b) adequately instructs the jury on the applicable law.

2

The proposed jury instructions that are found in the Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2025), are available at https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCriminalPatternJuryInstructionsRevisedSEP2025.pdf.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

| /s/ *Bianca S. Bansal* | /s/ *Matthew P. Ferry* |
|---|---|
| Bianca S. Bansal | Matthew P. Ferry, Esq. |
| Assistant United States Attorney | Florida Bar No. 28950 |
| USAO No. 230 | Lindsey, Ferry, Parker, P.A. |
| 400 W. Washington Street, Suite 3100 | 341 N. Maitland Avenue, Suite 130 |
| Orlando, Florida 32801 | Maitland, FL 32751 |
| Tel: (407) 648-7500 | Telephone: (407) 644-4044 |
| Fax: (407) 648-7643 | Fax: (407) 599-2207 |
| Email: bianca.bansal@usdoj.gov | Email: matt@lindseyferryparker.com |

3

**P1**

**Preliminary Instructions – Criminal Cases**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial, I will give you more detailed instructions.

<u>Duty of jury</u>:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

<u>What is evidence</u>:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

4

Certain things are not evidence and must not be considered. I will list them for you now:

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

Rules for criminal cases:

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

6

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove [his/her] innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

Conduct of the jury:

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

7

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, encrypted-communication apps, or social-networking websites and apps. You may not use any similar social-media technology, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

<u>Taking notes</u>:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if [he/she] wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

**B1**

**Face Page - Introduction**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

                                 CASE NO. 6:25-cr-311-RBD-RMN

    v.

ANA ZAHIA GONZALEZ

**COURT'S INSTRUCTIONS**

**TO THE JURY**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

11

**B2.1**

**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove her innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**B2.2**

**The Duty to Follow Instructions and the Presumption of Innocence
When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove her innocence or produce any evidence at all. A defendant does not have to testify, and you cannot consider in any way the fact that the Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**B3**

## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**B4**

**Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**B5**

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**B6.1**

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

**B6.6**

**Impeachment of Witnesses because of Inconsistent Statement
or Felony Conviction
(Defendant with Felony Conviction Testifies)[2]**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement. But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

---

[2] This will only apply if the defendant testifies.

[Evidence that a Defendant was previously convicted of a crime is not evidence of guilt of the crime(s) in this trial. But you may use the evidence to decide whether you believe the Defendant's testimony.]

**B7**

## Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**B9.1A**

### Knowingly; Willfully – General

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

[The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that [his] [her] conduct may be violating.][3]

---

[3] "Willfully" is not included in the elements to be proven for Count One. The government submits that the paragraph defining "willfully" should be removed when the instructions are given to the jury.

`

## B9.2

### On or About a Particular Date

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

**B10.1**

### Caution: Punishment
### (Single Defendant, Single Count)

I caution you that the Defendant is on trial <u>only</u> for the specific crime charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of that specific crime.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

`

## S4.1

## Similar Acts Evidence
### (Rule 404(b), Fed. R. Evid.)[4]

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether [the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment] [the Defendant had a motive or the opportunity to commit the acts charged in the indictment] [the Defendant acted according to a plan or in preparation to commit a crime] [the Defendant committed the acts charged in the indictment by accident or mistake].

You may not consider this evidence for any other purpose.

The Defendant is currently on trial only for the crime[s] charged in the indictment. You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the indictment.

---

[4] This will only apply if the court grants the Government's motion.

`

## S8

### Deliberate Ignorance as Proof of Knowledge

If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact didn't exist.

"Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains the controlled substance so he or she can deny knowledge of the package's contents.

So you may find that a defendant knew about the possession of a controlled substance if you determine beyond a reasonable doubt that the defendant (1) actually knew about the controlled substance, or (2) had every reason to know but deliberately closed [his] [her] eyes.

But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that the Defendant knew about the possession of the controlled substance.

`

## O120

### Procurement of Citizenship
### or Naturalization Unlawfully

### 18 U.S.C. § 1425(b)

It's a Federal crime for any person to, for herself or another person not entitled thereto, knowingly issue, procure, or obtain, or apply for or otherwise attempt to procure or obtain naturalization, or citizenship, or a declaration of intention to become a citizen, or a certificate of arrival or any certificate or evidence of nationalization or citizenship, documentary or otherwise, or duplicates or copies of any of the foregoing.

The Defendant can be found guilty of a violation of section 1425(b), only if all of the following facts are proved beyond a reasonable doubt:

(1) the Defendant for herself knowingly issued, procured, obtained, applied for, attempted to procure or obtain naturalization or citizenship;

(2) the Defendant is not entitled to naturalization or citizenship; and

(3) the Defendant knows she is not entitled to naturalization or citizenship;

`

## DEFENDANT'S CONTESTED INSTRUCTION NO. 1

**VOID MARRIAGE — EFFECT ON ENTITLEMENT TO NATURALIZATION**

You have heard evidence that the defendant, Ana Zahia Gonzalez, was a party to a marriage ceremony that took place on November 2, 2001, in Belize, between herself and a person who presented himself as Adilson Jorge Gonzalez Garza. You have also heard evidence that this individual was not, in fact, Adilson Jorge Gonzalez Garza, but was instead a person known as Emilio Garcia, who fraudulently assumed the identity of another in order to enter into that marriage.

In connection with this evidence, you are instructed as follows:

### 1. Elements of the Offense.

To convict the Defendant under 18 U.S.C. § 1425(b), the Government must prove each of the following elements beyond a reasonable doubt:

(a) The Defendant, for herself or for another person not entitled thereto, knowingly issued, procured, obtained, applied for, or otherwise attempted to procure or obtain naturalization or citizenship, or a declaration of intention to become a citizen, or a certificate of arrival, or any certificate or evidence of naturalization or citizenship, documentary or otherwise, or duplicates or copies of any of the foregoing;

(b) The Defendant, or the other person on whose behalf she acted, was not entitled to naturalization or citizenship; and

(c) The Defendant knew that she, or the other person, was not entitled to naturalization or citizenship.

### 2. Section 1425(b) Punishes Lack of Qualification, Not Illegal Means.

Congress enacted two separate offenses in 18 U.S.C. § 1425. Subsection (a) concerns the use of illegal means to procure naturalization. Subsection (b) — the provision under which the defendant is charged — is fundamentally different: it concerns whether a person was actually entitled to the naturalization or citizenship obtained. The Government therefore cannot convict the Defendant under § 1425(b) by showing only that she made a false statement during the naturalization process. It must prove, beyond a reasonable doubt, that she was not in fact entitled to the naturalization she received and that she knew it.

### 3. Entitlement to Naturalization Must Be Assessed on the Real Facts.

The question of whether the Defendant was entitled to naturalization must be assessed objectively, based on the real legal facts. You must evaluate whether, under the actual circumstances as established by the evidence, the Defendant met all statutory requirements for naturalization. This includes, but is not limited to, whether the Defendant had been lawfully admitted for permanent residence, whether she met the applicable residency and physical presence requirements, whether she was a person of good moral character during the statutory period, and whether she otherwise satisfied the eligibility criteria imposed by law.

### 4. The Belize Annulment — Legal Effect of a Void Marriage.

You have received into evidence the Decree Absolute of the Supreme Court of Belize, Action No. 405 of 2023, dated October 2024, in which the Supreme Court of Belize annulled the November 2, 2001, marriage on the grounds that the Respondent whom the Petitioner married was not Adilson Jorge Gonzalez Garza, but Emilio Garcia. That judicial finding by a competent foreign court of record is evidence you may consider in evaluating the legal character of that marriage.

A marriage procured through the fraudulent misrepresentation of identity by one of the parties — including the use of a false name — may be void or voidable from its inception under applicable law. A void marriage is treated as having no legal existence from the moment of the purported ceremony. When evaluating the defendant's entitlement to naturalization, you must consider the legal character of that marriage as established by all of the evidence in this case, including the Belize court's judicial determination.

### 5. Effect of a Void Marriage on the Entitlement Element.

If you find that the 2001 Belize marriage was void from its inception by reason of the identity fraud perpetrated by the individual known as Emilio Garcia, you must assess the defendant's entitlement to naturalization based on the real legal facts — that is, on the basis that no valid marriage existed. Under those real facts, you must consider:

(a) Whether the defendant's lawful permanent resident status — and any other immigration status relied upon as a prerequisite to naturalization — was lawfully obtained independently of, and without legal dependence upon, the void marriage; and

`

(b) Whether, under the real facts, the defendant otherwise met all eligibility requirements for naturalization, including good moral character, residency, and physical presence.

The Government bears the burden of proving, beyond a reasonable doubt, that the Defendant was not entitled to naturalization. If the marriage was void from inception, the Government cannot establish the Defendant's lack of entitlement solely on the basis of her association with that void marriage, unless it independently proves that the void marriage — as distinct from any false statement about it — was itself the legal foundation upon which her naturalization eligibility rested, and that such eligibility was thereby fatally undermined.

## 6.  Strict Compliance with Naturalization Prerequisites.

The law requires strict compliance with all congressionally imposed prerequisites to the acquisition of citizenship, and failure to comply with any such prerequisite may render a certificate of citizenship unlawfully procured. Accordingly, if you find that the defendant's lawful permanent resident status — which is a statutory prerequisite to naturalization — was itself obtained through fraud directly traceable to the void marriage, you may consider whether that defect rendered the defendant not entitled to naturalization within the meaning of § 1425(b). However, you may reach that conclusion only if the Government has proven beyond a reasonable doubt that the defendant's LPR status was so obtained and that she knew she lacked entitlement to naturalization.

## 7.  Knowledge of Lack of Entitlement.

The Government must also prove beyond a reasonable doubt that the defendant acted with knowledge that she was not entitled to naturalization. If you find that the defendant was herself the victim of the identity fraud perpetrated by Emilio Garcia — that is, that she did not know she had married a person using a false identity — then you must carefully consider whether the Government has proven that she knew she lacked entitlement to naturalization. A person who is herself deceived about the identity of her spouse, and who in good faith believed she had contracted a valid marriage, may not have knowingly procured naturalization to which she knew herself to be unentitled.

## 8.  Qualification for Citizenship Is a Complete Defense.

Section 1425(b) is not a tool for prosecuting persons who were actually entitled to the citizenship they obtained. If you find, based on all of the evidence, that

`

the defendant was in fact qualified for and entitled to naturalization — regardless of what the Government has presented regarding the 2001 Belize marriage — you must find the defendant not guilty. Entitlement to naturalization under the applicable legal requirements is a complete defense to a charge under § 1425(b).

### 9. Burden of Proof.

The Government bears the burden of proving every element of this offense beyond a reasonable doubt. This includes proving that the defendant was not entitled to naturalization and that she knew it. If the Government has not proven these elements beyond a reasonable doubt — including in light of the evidence concerning the void nature of the 2001 Belize marriage and the defendant's status as a victim of the identity fraud perpetrated by Emilio Garcia — you must find the defendant not guilty.

## DEFENDANT'S CITATION OF AUTHORITY

18 U.S.C. § 1425(b).

*Maslenjak v. United States, 582 U.S. 335, 137 S. Ct. 1918 (2017) (distinguishing § 1425(a) from § 1425(b); holding that § 1425(b) addresses simple lack of qualifications; recognizing that qualification for citizenship is a complete defense; statute is not a tool for prosecuting persons who actually met the legal criteria for acquiring citizenship).*

*United States v. Chahla, 752 F.3d 939, 946–48 (11th Cir. 2014) (conviction for unlawful procurement of naturalization may rest on fraud at the LPR stage only where causally connected to and intended to produce naturalization; strict compliance with all congressionally imposed prerequisites required).*

*United States v. Amintobia, 57 F.4th 687, 700–01 (9th Cir. 2023) (naturalization eligibility assessed on real facts; alien who procured LPR status through fraud was not lawfully admitted and therefore ineligible for naturalization).*

*United States v. Cheboss, 76 F.4th 1138, 1143–45 (8th Cir. 2023) (qualification for citizenship is a complete defense; knowledge element — whether defendant knew she was not entitled — is a required element of the offense).*

*Supreme Court of Belize, Decree Absolute, Action No. 405 of 2023, Ana Zahia Garza nee Massella v. Adilson Jorge Gonzalez Garza, October 2024 (annulling the November 2, 2001, Belize marriage on the ground that the respondent was Emilio Garcia, who fraudulently assumed another person's identity).*

`

**GOVERNMENT'S OBJECTION:**

The 11th Circuit Pattern Jury Instructions (2025) adequately indicates the elements required to be proven by the Government for a violation of 18 U.S.C. § 1425(b). Defendant's proposed jury instruction is slanted, and should be denied. Additionally, the Government submits Defendant's requested instruction misstates the law regarding the effect of a marriage on entitlement to citizenship.

`

**S5**

**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

`

## B11

### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## B12

## Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.